**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRANDON DEAN, individually and**                          **PLAINTIFFS**
**on behalf of all others similarly situated**

**v.**                      **CASE NO. 4:19-CV-00748-BSM**

**BRADFORD ESTATES, LLC,**
**AND JAROD PUCKETT**                                                      **DEFENDANTS**

## ORDER

Plaintiffs' motion to approve attorney fees and costs [Doc. No. 18] is granted in part, and the parties' joint motion for extension of time to file a settlement agreement [Doc. No. 15] is denied as moot. For the reasons set forth below, plaintiffs are entitled to $3,810.00 in attorney fees and $552.12 in costs from defendants.

### I. BACKGROUND

Brandon Dean filed this FLSA collective action and the parties jointly moved for a class to be conditionally certified. *See* Compl., Doc. No. 1; Mot. Certify Class, Doc. No. 8. The motion for conditional certification was granted [Doc. No. 9], a notice of settlement was filed [Doc. No. 14], and a joint motion to approve the parties' settlement agreement was filed [Doc. No. 16]. The settlement agreement, awarding a total of $1,631.33 to Dean and two other opt-in plaintiffs, was approved [Doc. No. 17]. *See* Settlement Agreement at 2, Doc. No. 16-1. Unable to reach an agreement on attorney fees, plaintiffs filed a motion seeking $6,457.50 in attorney fees and $552.12 in costs, and defendants filed a response in opposition [Doc. No. 20].

## II. LEGAL STANDARD

An employer who has violated either the Fair Labor Standards Act ("FLSA") or the Arkansas Minimum Wage Act ("AMWA") shall be held liable for costs and reasonable attorney's fees incurred by a plaintiff or plaintiffs. 29 U.S.C. § 216(b); Ark. Code Ann. § 11-4-218(a)(1)(B)(ii). The key metric for determining a reasonable attorney fee in FLSA and AMWA cases is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). The lodestar, however, is just a starting point for awarding attorney fees; the fee award may be adjusted "upward or downward on the basis of the results obtained." *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F. 3d 744, 754 (8th Cir. 2003).

A reasonable fee "is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Vines v. Welspun Pipes, Inc.*, 2020 WL 3062384 at *2 (E.D. Ark. June 9, 2020). Under fee-shifting statutes like the FLSA and AMWA, the attorney fees awarded should be comparable to the fees that lawyers would traditionally collect from a fee-paying client. *Hill-Smith v. Silver Dollar Caberet, Inc.*, 2020 WL 4741917 at *1 (W.D. Ark. Aug. 14, 2020). Lawyers for a prevailing party should make a good faith effort to exclude from their fee motion any hours that are excessive, redundant, or unnecessary. *Id*. When conducting the lodestar calculation, a district court maintains substantial discretion in deciding the number of hours to be awarded to the prevailing party's lawyers. *See Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014) (reviewing the district

court's decision to classify hours as excessive for abuse of discretion and giving significant deference to the court's insight into the issues implicated by the case and how the lawyers handled those issues). The reasonableness of an hourly rate is assessed by examining "the prevailing rate for similar legal services performed by lawyers of comparable skill, experience, and reputation" in the community in which the case is situated. *West v. Border Foods, Inc.*, 2007 WL 1725760 at *2 (D. Minn. June 8, 2007).

## III.  DISCUSSION

The Sanford Law Firm ("SLF") requests a total of $6,457.50 in attorney fees and $552.12 in costs.

### A.  Requested Hourly Rates

SLF requests the following hourly rates: $325 an hour for Josh Sanford; $225 an hour for Anna Stiritz, Josh West, and Steve Rauls; $175 an hour for Lydia Hamlet; $150 an hour for April Rheaume, Rebecca Matlock and Sean Short; $125 an hour for Courtney Lowery, Stacy Gibson, and Tess Bradford; and $25 an hour for staff. Br. Mot. Att'y Fees at 6. The hourly rates billed by SLF are approved because they fall within the ranges typically charged by lawyers in the Little Rock legal community with similar experience and expertise.

### B.  Hours Billed

SLF claims that its lawyers and staff expended 53.1 hours on this case, but only billed 43.1 hours of that time. Br. Mot. Att'y Fees at 6, Doc. No. 19. Even with this reduction, the amount of billable hours that SLF claims is disproportionate to the complexity and needs of

this case.  SLF will be credited with a total of 28.7 billable hours, with the following breakdown: 16.1 hours for Lowery, 3.6 hours for Sanford, 2.5 hours for Matlock, 0.9 hours for Gibson, and 5.6 hours for staff.

*Overstaffing*

SLF's billing spreadsheet shows that eleven different lawyers, as well as five support staff members, worked on this fairly routine case.  Ex. 1, Doc. No. 18-1.  It is unreasonable that sixteen individuals were required to navigate a straightforward hour and wage dispute. *See Bryan v. Mississippi County, Arkansas*, No. 3:18-CV-00130-DPM, Doc. No. 68 (E.D. Ark. May 12, 2020) (six lawyers and a law clerk were excessive for a FLSA suit involving approximately a dozen plaintiffs and a lengthier procedural history).  Indeed, SLF only made five filings before announcing a settlement [Doc. No. 16] had been reached: (1) the complaint; (2) notice to join Xavier Chunn as a plaintiff; (3) the parties' joint motion to conditionally certify a class; (4) the Rule 26(f) report; and (5) notice of appearance by Courtney Lowery.  Doc. Nos. 1, 2, 8, 10, and 13.  Of those five, only the complaint and the motion for conditional certification could be considered even remotely time consuming.  *See Vines*, 2020 WL 3062384 at *8 ("the fact is, very little 'legal' work was performed in this case, which is true of most FLSA cases. The cases typically consist of a complaint (a tweaked form), a motion to certify class (a tweaked form), discovery from defendants, analysis of the discovery, and a settlement demand. That is what happened in this case.").

*Micro-Management*

While SLF is to be applauded for zeroing out the time of six of its lawyers, the 0.4 hours billed by Anna Stiritz will also be zeroed out. *See* Ex. 1, Doc. No. 18-1. Given that Courtney Lowery, an associate at SLF, was the principal lawyer handling this case and regularly interfaced with the clients, it is not clear why Stiritz, a senior lawyer at SLF, needed to bill time for client communications on two separate occasions. *See id.* SLF may consider it prudent to tightly manage its associates, but defendants will not be forced to bear the costs of that approach. *See Vines*, 2020 WL 3062384 at *6.

The billing records submitted by SLF also indicate that Josh Sanford unnecessarily managed numerous aspects of this case. SLF has every right to take a collaborative approach to its practice and focus on mentoring its less experienced lawyers; however, a senior partner spending 14.3 hours on a straightforward FLSA case is excessive. *See Hill-Smith*, 2020 WL 4741917 at *3 ("the Sanford Law Firm may choose to have Mr. Sanford personally oversee every aspect of run-of-the-mill motion practice requiring no court appearance, but it will not be permitted to pass the associated costs of doing so on to Defendants"). Even after the reductions Sanford has made to his billable hours, 6.9 hours is still too many based on the needs of this case. *See, e.g., Murdock v. McNair*, 2018 WL 6314569 at *2 (W.D. Ark. Dec. 3, 2018) (striking time spent by senior lawyers mentoring a junior lawyer because such a granular level of management and oversight was unwarranted).

*Complaint*

Lowery and Sanford claim a total of 5.7 billable hours for preparing Brandon Dean's

complaint. Because the complaint contains much of the same boilerplate language that SLF uses in other complaints, the time claimed is simply too much. *See Jones v. RK Enters. of Blytheville, Inc.*, 2016 WL 1091094 at *3 (E.D. Ark. Mar. 21, 2016) (finding that 3 hours billed to prepare a complaint was too much); *Davis v. Klenk*, Case No. 3-12-CV-115, E.D. Ark. Nov. 15, 2012 (the time billed by SLF for tailoring a form complaint was too much). Of the nine sections in the complaint, only Section III ("the parties") and Section IV ("factual allegations") are not derived from purely recycled material. Moreover of those 5.7 billable hours, Lowery spent 0.5 of them preparing and drafting a first amended complaint that was never filed. Accordingly, Lowery's billable hours for preparing the complaint will be reduced from 4.8 to 2.0 and Sanford's from 0.9 to 0.3.

### *Section 216(b) certification*

The parties filed a joint motion to conditionally certify a class [Doc. No. 8]. Three weeks earlier, Lowery billed 0.5 hours for preparing and drafting a joint motion to conditional certify a class, and Sanford spent 0.3 hours editing and revising those documents. While those hours are legitimately billed, the respective 1.6 hours and 0.9 hours that Lowery and Sanford billed from December 13, 2019 through December 16, 2019 for preparing a motion for certification of a collective action, a supporting brief, and two declarations will not be approved. Those documents were rendered unnecessary when defendants agreed to file a joint motion for conditional certification. Although there is a possibility that defendants initially opposed conditional certification and Lowery and Sanford were therefore

justified in preparing the documents, SLF's time records suggest otherwise. *See* Ex. 1, Doc. No. 18-1. There are no time entries in the weeks prior to December 13, 2019, indicating that SLF conferred with opposing counsel about whether the defendants would oppose or support conditional certification.

### *Proposed Order*

Contemporaneously, Sanford billed 0.2 hours for editing and revising a proposed order that accompanied the motion to conditionally certify a class. These 0.2 hours will not be approved because (1) there was no need for SLF to include a proposed order with this motion and (2) Sanford's involvement in preparing a proposed order was unnecessary, as a junior lawyer would have been fully capable of handling such a routine task.

### *Court Filings*

SLF has been notified that it is not acceptable for lawyers to do their own filings and then charge a lawyer's rate; this work should be performed by a secretary or law clerk. *Jones*, 2016 WL 1091094 at *3. On six different occasions, Lowery billed a total of 1.0 hours for filing a consent to join, a fee petition, and various motions with the court. That time will not be credited.

### *Examination of Documents*

There are over forty time entries by Sanford involving his examination of court filings, emails, intra office memos, and other documents. Ultimately, Sanford only billed on thirteen of those entries; however, there is no rhyme or reason to his billing practices. For example,

he did not bill for his December 30, 2019 entry for "examination of email to OC," but he billed twice for "examination of email to OC" the very next month. Ex. 1, Doc. No. 18-1. Similarly, Sanford often did not bill for entries of "receive, read and prepare response to email from CL," yet decided to bill 0.2 hours for one of those entries on February 6, 2020. *Id*. Sanford is also unjustified in billing defendants for eighteen minutes spent reading their brief answer to the complaint, when that task should have taken no more than ten minutes and would have more appropriately been handled by Lowery. *See Jones*, 2016 WL 1091094 at *4 ("it does not take 12 minutes to read a 'notice' that simply informs a lawyer something was filed in the case").

The 1.7 hours that Sanford billed for examining emails, memos, and other documents will be reduced to 0.3 hours. He will credited with 0.1 hours for examining the answer and 0.2 hours for examining the settlement offers sent to opposing counsel; the other time entries are either too vague or unmerited to approve.

### *Fee Petition*

SLF's billing records show that its lawyers spent a total of 9.5 hours preparing the fee petition and its accompanying brief. Although the brief in support of the fee petition is 25 pages, the time expended on it is excessive. *See Hill-Smith*, 2020 WL 4741917 at *3 (finding that 5 hours preparing the fee petition was excessive). Much of the brief is a recitation of the law and case precedent that SLF has used in prior fee petition briefs. *See Davis*, Case No. 3-12-CV-115, Doc. No. 17 at *4. Furthermore, a significant part of the brief is an exercise

in justifying SLF's past billing practices, which judges from across the Eastern and Western Districts of Arkansas have repeatedly criticized. *See, e.g., Cook v. Beemac Foods, LLC*, No. 2:18-CV-02155, 2019 WL 2418753, at *2 (W.D. Ark. June 10, 2019). Defendants should not have to bear the costs of SLF contextualizing its history of questionable billing practices and explaining why this time is different.

Given that lawyer Rebecca Matlock regularly handles the drafting and preparation of fee petitions at SLF, it also seems doubtful that Courtney Lowery and Josh Sanford needed to spend 1.9 hours editing Matlock's work. The 7.6 hours that Matlock billed for preparing the fee petition and supporting brief will be reduced to 2.5 hours, while Lowery's time will be slashed from 1.6 to 0.5 hours and Sanford's cut from 0.3 to 0.1 hours.

### C.  Costs Incurred

The costs incurred by SLF in prosecuting this case are all reasonable, and therefore its request for $552.12 in costs is approved.

### IV.  CONCLUSION

For the foregoing reasons, plaintiffs' attorneys are awarded $3,810.00 in legal fees and $552.12 in costs, payable by defendants.

IT IS SO ORDERED, this 24th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE